# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARK MCCLESKEY, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:17-MC-00035-AGF |
| CWG PLASTERING LLC, | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Rule To Show Cause (Doc. No. 1), which asks the Court to issue an order to non-party Louis Brand, to show cause why the Court should not hold him in contempt, pursuant to Federal Rule of Civil Procedure 45(g), for failing to comply with a subpoena to attend and testify at a deposition on November 30, 2016 in St. Louis, Missouri, where Brand allegedly resides.[1] In their motion, Plaintiffs state that service of the subpoena was made by leaving a copy of the subpoena at Brand's usual place of abode on November 29, 2016, with Brand's 24-year-old adult son who resides there.

Assuming, without deciding, that leaving a copy of the subpoena at the named person's usual place of abode with an adult relative who resides could satisfy Federal Rule of Civil Procedure 45(b)(1),[2] the Court will deny Plaintiffs' motion because Plaintiffs did not provide Brand with a reasonable time to comply. *See* Rule 45(d)(3) (requiring a court, on timely motion, to quash

---

[1] The deposition is to be taken in connection with Plaintiffs' lawsuit pending in the Southern District of Indiana, captioned *Mark McCleskey, et al. v. CWG Plastering, LLC*, Case No. 1:15-cv-1284-LJM-DKL.

[2] Rule 45(b)(1) requires that service be made by "delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1).

or modify a subpoena that "fails to allow a reasonable time to comply"); *Basich v. Patenaude & Felix, APC*, No. 12-9013-MC-W-FJG, 2012 WL 2886663, at *1 (W.D. Mo. July 13, 2012) (denying a motion to compel compliance with a subpoena under Rule 45 where the plaintiffs served the subpoena on the named person late in the evening of June 27, 2012, for a deposition scheduled to take place on the morning of June 29, 2012). Plaintiffs have also failed to provide proof of compliance with Rule 45(b)(1)'s requirement to "tender[] the fees for 1 day's attendance and the mileage allowed by law,"[3] which further weighs in favor of denying Plaintiffs' motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for a Rule to Show Cause is **DENIED**. (Doc. No. 1.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of January, 2017.

---

[3] Although Plaintiffs state in their motion that the "process server issued and tendered the witness fee for this subpoena," the process server's affidavit does not state whether, or in what amount, fees were tendered.